**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Billy Bowling,

Plaintiff,

v.

Case No.: 8:25-cv-02134-WFJ-TGW

Benny Media LLC d/b/a The Benny Show,

Defendant.

---

**OPPOSED MOTION TO REOPEN ACTION**

Plaintiff Billy Bowling, by and through his undersigned counsel, and pursuant to the Court's October 27, 2025, Order[1], moves this Honorable Court for entry of an Order hereby reopening the instant action. In support of this motion, Plaintiff states and alleges as follows:

**RELEVANT PROCEDURAL BACKGROUND**

1. Plaintiff commenced the instant action upon the filing of a Complaint with this Court (the "*Complaint*") on August 11, 2025. *Dkt. No. 1*.

2. Defendant Benny Media LLC d/b/a The Benny Show ("*Defendant*") was served with copies of the Summons and Complaint via service upon its

[1] *Dkt. No. 11*.

SLG SANDERS LAW GROUP

registered agent, Katelyn Johnson, on September 8, 2025. *Dkt. No. 7*.

3. Thereafter, on October 27, 2025, Plaintiff filed a Notice of Settlement advising the Court that the parties had reached a resolution of all claims asserted in the instant action and requested the Court stay this case and adjourn all remaining deadlines. *Dkt. No. 10*.

4. Additionally, Plaintiff requested leave for either party to move to reopen the instant action within forty-five (45) days of the filing of Plaintiff's Notice of Settlement, to allow the parties time to memorialize the terms of settlement in writing and to effectuate same. *Id*.

5. That same day, the Court issued its October 27, 2025, Order providing, *inter alia*, the deadline for either party to move to reopen this action would be no later than forty-five days from the issuance of the Court's Order (i.e., December 11, 2025) *upon good cause shown*. As such, the instant motion is timely.

SLG SANDERS LAW GROUP

**ARGUMENT**

6. Good cause exists for the requested relief insofar as, despite Plaintiff's best efforts, the parties have made minimal progress in finalizing the resolution of this matter since Plaintiff's October 27, 2025, Notice of Settlement (*Dkt. No. 10*).

7. Contemporaneously with Plaintiff's filing the Notice of Settlement, Plaintiff forwarded a draft settlement agreement to Defendant, via its counsel, Derek R. Young, Esq. of Moll & Young PLLC to memorialize the terms of the parties'

settlement.

8. The undersigned counsel then sent follow up inquiries to Defendant's counsel on November 12, 2025, and then again on November 24, 2025.

9. On November 24, 2024, Defendant, via counsel, provided assurances that the settlement agreement would be signed and returned later that week.

10. The undersigned counsel then again followed-up with Defendant as to the status of the executed settlement agreement on December 4, 2024, and requested production of the executed agreement by no later than EOD December 5, 2025.

11. On December 10, 2025, the undersigned counsel advised Defendant of Plaintiff's intent to move to reopen the instant action to which Defendant requested information to process payment that had already been provided in the draft settlement agreement.

12. That same day, the undersigned again advised Defendant of Plaintiff's intent to move to reopen the instant action and requested Defendant provide its position regarding Plaintiff's anticipated motion in accordance with Local Civil Rule 3.01(g).

13. On December 11, 2025, the undersigned inquired as to Defendant's position regarding the instant motion, to which Defendant requested proposed changes (for the first time) in the draft settlement agreement it had already provided assurances to Plaintiff it would execute. The undersigned was advised that

SLG SANDERS LAW GROUP

Defendant would execute the agreement after Plaintiff's own execution of same and production of the executed copy to Defendant.[2] Defendant further advised that the payment required under the agreement would be forthcoming.

14. Given the minimal progress in finalizing the terms of resolution, Plaintiff is constrained to file the instant motion[3] to ensure his rights are protected and that a final dismissal is not entered regarding this matter until a settlement agreement is executed and the terms of the parties' tentative resolution have been finalized.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order reopening the instant action and restoring same to its calendar.

Dated: December 11, 2025

Respectfully submitted,

**SANDERS LAW GROUP**

By: *<u>/s/ Joshua D. Vera</u>*
Joshua D. Vera, Esq.
Florida Bar No. 1047709
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

---

2 Plaintiff produced the partially executed agreement to Defendant, inclusive of its requested changes, on December 11, 2025.

3 Cognizant of the Court's guidance on requests for extension of time being granted *only for compelling reasons,* Plaintiff makes the instant motion out of concern as to whether the current circumstances are sufficient justification for such relief.

SLG SANDERS LAW GROUP

Email: jvera@sanderslaw.group
*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Plaintiff hereby certifies that Plaintiff's counsel conferred with the opposing party regarding the instant motion on December 11, 2025, via telephone, and Defendant opposes the requested relief.

*/s/ Joshua D. Vera*
Joshua D. Vera, Esq.

SLG SANDERS LAW GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, I caused to be served, via electronic mail, a copy of Plaintiff's Opposed Motion to Reopen Action upon Defendant's counsel as follows:

Derek R. Young, Esq.
MOLL & YOUNG PLLC
31 NE 17th Street
Miami, Florida 33132
E-mail: derek@mollyoung.com

*/s/ Joshua D. Vera*
Joshua D. Vera

SLG SANDERS LAW GROUP